**FILED**

JUL 0 2 2002

LARRY W. PROPES, CLERK
CHARLESTON, SC

## UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA
## COLUMBIA DIVISION

| | | |
|---|---|---|
| INTERNATIONAL UNION OF ELECTRONICS, ELECTRICAL, SALARIED, MACHINE AND FURNITURE WORKERS, AFL-CIO (IUE-CWA),its LOCAL #175, and JOHN LEVY | ) ) ) ) ) | Case No.: 3-01-4766-10 |
| Plaintiffs, | ) | |
| -vs- | ) ) ) | |
| ENERSYS, INC., et al., | ) ) ) | |
| Defendants. | ) | |

## PLAINTIFFS' RULE 56(f) DECLARATION ON SUMMARY JUDGMENT

I am employed by IUE-CWA as in-house counsel and am authorized to make this declaration on behalf of Plaintiff Union.

Pursuant to Rule 56(f), Fed.R.Civ.P., Plaintiffs declare that they are unable to present affidavits or other material necessary to respond to Defendant's summary judgment motion because discovery is currently in progress concerning those matters and the discovery period is not yet closed.

Among the matters as to which discovery is necessary are the names and layoff dates of employees temporarily laid off, the names and any notices of employees (including those actively working and those on layoff) who were affected by the plant closing, issues relating to the Company's purported withdrawal of recognition of the Union as collective bargaining representative, issues of good faith, and issues of damages. A copy of Plaintiffs' first set of interrogatories and request for production is attached, showing some of the necessary discovery in more detail.

1

I declare that the foregoing is true and correct, subject to the penalty for perjury.

June 27, 2002

Date

Name

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| ------------------------------------------------------------- ) | | |
| INTERNATIONAL UNION OF ELECTRONIC, ) | | |
| ELECTRICAL, SALARIED, MACHINE AND ) | | |
| FURNITURE WORKERS, AFL-CIO (IUE-CWA), ) | | |
| its LOCAL 175, and JOHN LEVY ) | | |
| ) | | |
| Plaintiffs, ) | **CERTIFICATE OF SERVICE** | |
| ) | | |
| v. ) | C.A. No. 3:01-4766-10 | |
| ) | | |
| ENERSYS, INC., et al., ) | | |
| ) | | |
| Defendants. ) | | |
| ————————————————————— ) | | |

I certify that the foregoing Plaintiff IUE-CWA's Rule 56(f) Declaration on Summary Judgement has been served on the following counsel of record by placing same in United States Mail, postage prepaid, this 2nd day of July, 2002 addressed to:

George A. Harper, Esquire
Jackson, Lewis, Schnitzler & Krupman
2100 Landmark Building
301 North Main Street
Greenville, SC 29601
(864) 232-7000

Charleston, South Carolina

## UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA
## COLUMBIA DIVISION

|  |  |
|---|---|
| INTERNATIONAL UNION OF ELECTRONICS, ELECTRICAL, SALARIED, MACHINE AND FURNITURE WORKERS, AFL-CIO (IUE-CWA),its LOCAL #175, and JOHN LEVY | ) Case No.: 3-01-4766-10 ) ) ) ) |
|  | ) |
| Plaintiff, | ) |
| -vs- | ) |
|  | ) |
|  | ) |
| ENERSYS, INC., et al., | ) |
|  | ) |
| Defendants. | ) |
|  | ) |

### PLAINTIFFS' FIRST SET OF INTERROGATORIES
### AND REQUESTS FOR PRODUCTIONTO DEFENDANT ENERSYS, INC.

Pursuant to Rules 33 and 34 of the Federal Rules of Civil Procedure, plaintiffs hereby serve the following interrogatories on defendant EnerSys, Inc., to be answered under oath and in writing within thirty days, and request that the specified documents be produced for inspection and copying within thirty days at the office of undersigned counsel or such other place as may be mutually agreed on.

### Definitions:

"Document" means any printed, written, graphic, oral, electronic, digital or otherwise recorded matter of whatever character and every other type of date compilation, including all forms of computer (or other machine) storage and retrieval, whether or not in the possession of the defendant, its agents, employees, or attorneys. This includes all e-mails and other forms of

1

computer messages. The definition includes anything that can be obtained under Rule 34, Fed.R.Civ.P. If any document requested to be identified or produced was, but is no longer, in defendant's possession or control or is no longer in existence, state whether it is: (1) missing or lost; (2) destroyed; (3) transferred voluntarily or involuntarily to others, and if so, explain the circumstances surrounding and authorization for such dispensation thereof and state the approximate date thereof and to whom it was transferred.

## Instructions

"Identify," with regard to a person, means to give the person's full name, current or last known address and telephone number, Social Security number, age, gender, and, if known, current employer and position.

"Identify," with regard to a document, means to describe it in sufficient detail for a request for production or a subpeona duces tecum, and also give the date it was created, the author, the intended recipient, the current custodian and location, and a summary of its contents.

## Interrogatories

1.    Identify each person employed by defendant at the Sumter plant at any time during 2001, and for each such person give their File Number, Job Code, most recent salary or wage rate, and whether they were in a collective bargaining unit at any time during 2001.

2.    For each person identified in answer to No. 1, state how their employment by you ended (e.g., laid off, plant closed, terminated for cause, etc), and the date. For each sich person identify all documents reflecting or relating to the ending of their employment.

3.    For each person identified in answer to No. 1 who was laid off during 2001, state whether you gave such person notice of the lay-off that satisfied the WARN Act. As to each such person,

2

if the anser is "yes," give the date of such notice, and identify each document that gave such notice to each such person.

4.     For each person identified in answer to No. 1, state whether you gave such person notice of the plant closing and, if so, give the date of such notice, and identify each document that gave such notice to each such person.

5.     Do you contend that you gave notice of the permanent plant closing to employees? If so, state any facts in support that are not contained in answer to No. 4.

6.     When did you first consider permanently closing the plant and when did you decide to close the plant? Describe (including date, place, medium, and identify all participants) each meeting, discussion, communication or individual writing, and identify each document reflecting or relating to each step in considering or deciding to close the plant.

7.     Identify all people who participated in considering or deciding to close the plant, and describe each one's role, including dates of their participation and what each one did on each such date. Describe all facts and identify all documents after January 1, 2001, relating to considering or deciding to close the plant.

8.     When did you first consider withdrawing recognition of the Union and when did you decide to withdraw recognition from the Union? Describe (including date, place, medium, and identify all participants) each meeting, discussion, communication or individual writing, and identify each document reflecting or relating toconsidering or deciding to withdraw recognition of the Union?

9.     Identify all people who participated in considering or deciding to withdraw recognition of the plaintiff Union, and describe in detail each one's role, including dates of their participation and

3

what each one did on each such date.  Describe all facts and identify all documents after January 1, 2001, relating to considering or deciding to withdraw recognition of the Union..

10.     When did you first consider terminating Vincent Gailliard and when did you decide to terminatte Vincent Gailliard?  Describe (including date, place, medium, and identify all participants) each meeting, discussion, communication or individual writing, and identify each document reflecting or relating to considering or deciding to terminate Vincent Gailliard.  consideration.

11.     Identify all people who participated in considering or deciding to terminate Vincent Gailliard, and describe each one's role, including dates of their participation and what each one did on each such date.  Describe all facts and identify all documents after January 1, 2001, relating to considering or deciding to terminate Vincent Gailliard.

12.     Describe (including date, place, medium, and identify all participants) each meeting, discussion, and communication involving any non-hourly-wage employees of the defendant between April 1, 2001, and December 31, 2001, that referred to, discussed or related to the Union.   Iidentify each document within those dates referring to or relating to the Union.

13.     Did you after June 14, 2001 send any notices of employee lay-offs or notice of the plant closing to (a) Vincent Gailliard or (b) Aletha Baptist?  If not, why not?  If "yes," identify each document reflecting such notice.

14.     Identify each employee whose card indicating that he or she no longer wanted to be represented by the Union was presented to the defendant at any time during 2001.  Describe how and when the defendant came into possession of each such card, including who presented each such card, when, where, and to whom.  Identify all cards and other documents relating to the

4

receipt of such cards by the defendant.

15.     How many people were in the bargaining unit as of June 2001? If not already indicated in answer to No. 1, list each employee who was in the bargaining unit, and list each employee who was not in the bargaining unit.

16.     Identify all documents referred to in para. 8 of Darryl David's affidavit of June 4, 2002, and all documentary evidence referred to in para. 9 of Darryl David's affidavit of June 4, 2002.

17.     Describe the defendant's computer system(s) configuration for its entire organization. State where computer records (including but not limited to e-mail and other message systems) are maintained and whether such records are maintained on a local area network, wide area network, or stand-alone computer(s).

18.     Seperately for each computer system identified above, describe the type of hardware, method of storage and backup, operating system, software, and computer archiving and record retention policy, including without limitation the archiving and record retention policy, method, and location for e-mail and other message systems.

19.     Seperately for each of the preceding Interrogatories, identify all documents that relate to the subject matter of the Interrogatory.

20.     Identify all persons who assisted in the preparation of answers to these Interrogatories and specify which Interrogatories each person assisted in answering.

21.     Identify all persons who assisted in the preparation of responses and collection of documents in response to the requests for production below, and specify which requests for production each person assisted with.

<u>Requests for Production</u>

5

1.     All cards and other documents referred to in Darryl Davids' affidavit of June 4, 2002.

2.     All documents identified in answer to any of the above interrogatories, indicating which interrogatory(ies) the document is identified in.

3.     All documents on which you relied in withdrawing recognition from the Union.

4.     All notices and other documents terminating employees during 2001.

5.     All documents to terminated employees during 2001 but after their termination.

6.     All termination notices for employees during 2001, and all other documents reflecting the termination of each employee whose employment terminated in 2001.

7.     All documents sent to or given to laid off employees during 2001 advising them of any changes in their employment status.

8.     All notices of the plant closing in 2001.

9.     All notices given to any employees during 2001 referring to the Union.

10.    All press releases and other publicity notices during 2001.

_____
STEPHEN M. KOSLOW
Counsel, IUE-CWA, AFL-CIO
1275 K Street NW, Suite 600
Washington, DC 2000
(202) 513-6307

ARMAND DERFNER, Fed ID 502
Derfner & Wilborn, LLC
PO Box 600
Charleston, SC 29402
(843) 723-2460

Attorneys for plaintiffs

June 21, 2002

6

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| ------------------------------------------------------------ ) | | |
| INTERNATIONAL UNION OF ELECTRONIC, ) | | |
| ELECTRICAL, SALARIED, MACHINE AND ) | | |
| FURNITURE WORKERS, AFL-CIO (IUE-CWA), ) | | |
| its LOCAL 175, and JOHN LEVY ) | | |
| ) | | |
| Plaintiffs, ) | **CERTIFICATE OF SERVICE** | |
| ) | | |
| v. ) | C.A. No. 3:01-4766-10 | |
| ) | | |
| ENERSYS, INC.; YUASA, INC.; YUASA ) | | |
| BATTERY, INC.; YUASA HOLDINGS, INC.; ) | | |
| YUASA CAPITAL, INC.; YUASA NETWORK ) | | |
| SYSTEMS, INC.; ADVANCED POWER ) | | |
| SYSTEMS, INC.; YUASA-EXIDE RESEARCH ) | | |
| AND DEVELOPMENT CENTER; YUASA- ) | | |
| EXIDE, INC.; GLOBAL & YUASA BATTERY, ) | | |
| INC.; YUASA TRADING COMPANY, LTD.; ) | | |
| YUASA-YI, INC.; AND YUASA CORP.; ) | | |
| ) | | |
| Defendants. ) | | |
| ) | | |
| ------------------------------------------------------------ ) | | |

I certify that the foregoing Plaintiff IUE-CWA's First Set of Interrogatories and Rquests for Production to Defendant Enersys, Inc has been served on the following counsel of record by placing same in United States Mail, postage prepaid, this 21st day of June, 2002 addressed to:

George A. Harper, Esquire
Jackson, Lewis, Schnitzler & Krupman
2100 Landmark Building
301 North Main Street
Greenville, SC 29601
(864) 232-7000

Charleston, South Carolina